Robert R. Ridl, C.P.A. Colorado State Auditor's Office 1200 Lincoln Street Suite 601 Denver, Colorado 80203
Dear Mr. Ridl:
This opinion is in response to your April 3, 1980 letter in which you inquired about the meaning of the words "but in no event shall any of the above individuals or firms audit the records, books, or accounts which they have maintained" contained in C.R.S. 1973, 29-1-603(2) (1977 repl. vol. 12).
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents one question:
Does a yearly audit performed by an accountant or accounting firm that has also provided computerized bookkeeping services satisfy the requirements of C.R.S. 1973, 29-1-603(2) (1977 repl. vol. 12)?
 It is my opinion that a yearly audit performed by an accountant or accounting firm that has also performed bookkeeping functions does not satisfy the requirements of C.R.S. 1973, 29-1-603(2) (1977 repl. vol. 12).
ANALYSIS
When C.R.S. 1973, 29-1-603(2) was originally enacted in 1965, it read as follows:
 The audits of each local government shall be conducted in accordance with generally accepted auditing standards by an independent certified public accountant, or registered accountant, or partnership of certified public accountants or registered accountants, licensed to practice in the state of Colorado.
1965 Colo. Sess. Laws 861. The language which you question — "but in no event shall any of the above individuals or firms audit the records, books, or accounts which they have maintained" — was added to the statute by amendment in 1975. 1975 Colo. Sess. Laws 960.
A review of the tapes of the general assembly's committee hearings reveals the following legislative history. State Representative Hamlin stated at the hearing before the House Committee on Local Government that the 1975 amendment was requested by the Division of Local Government. J.D. Arehardt, director, Division of Local Government, speaking before the same committee, stated that despite the then-current requirement that an auditor be "independent," some auditors (1) prepared budgets for the local government, (2) "maintained" the books and (3) audited the books. He professed his belief that this was a violation of the auditing law's requirement of "independence." He indicated that local governments' books are audited to ensure honesty, not for tax purposes, profit purposes, or corporate purposes.
Gordon Scheer, secretary of the Colorado Society of Certified Accountants, also testified at the hearing before the House Committee on Local Government. He related that he had no problem with the concept of the amendment since the most grievous violation of the accountants' ethical code is a failure to be independent, and that an accountant is not independent if he or she is keeping the books and the records of the entity being audited by that same accountant. He believed the amendment was superfluous since the actions sought to be prevented were already proscribed by the strict ethical code enforced by the State Board of Accountancy.
Representative Hamlin also testified before the State Senate Committee on Local Government where he indicated the amendment was "just clarifying language."
Your inquiry centers on the definition of "maintaining books." While the term is not more expressly defined in the statute, it seems clear from the common meaning of the word "maintain" and the legislative history of the amendment that more is intended by it than merely making policy-level decisions. It is my opinion that the term was intended to include, and would probably be construed by a court to include, any "bookkeeping" service, that is virtually any service involving the collection and recording of data. See, e.g., Abraham, The PublicAccounting Profession, 66-67 (1978); Glautier,Accounting Theory and Practice, 97 (1977).
C.R.S. 1973, 29-1-603(2) requires that local governments submit to an audit annually. It does not purport to define ethical standards for accountants, and apart from comments contained in the legislative history expressing the belief that the activity here is already prohibited by the ethical standards of the profession, the statute does not address the ethical problem. Nevertheless, references to "maintaining books" contained in ethical discussions of the American Institute of Certified Public Accountants (AICPA) and the Securities and Exchange Commission (SEC), which are examples of the way in which the term is used in the profession, lend support to the more expansive reading of the term. For example, the AICPA states, in part:
 4. The CPA, in making an examination of financial statements prepared from books and records which he has maintained completely or in part, must conform to generally accepted auditing standards. The fact that he has processed or maintained certain records does not eliminate the need to make sufficient audit tests.
 When a client's securities become subject to regulation by the Securities and Exchange Commission or other federal or state regulatory body, responsibility for maintenance of the accounting records, including accounting classification decisions, must be assumed by accounting personnel employed by the client. . .
2 AICPA Professional Standards, 4413-14 (1977).
Also not dispositive but equally useful as an example of how the term is used are the comments of the SEC that virtually equate maintaining with electronic processing and bookkeeping services:
 EDP (ELECTRONIC DATA PROCESSING) AND BOOKKEEPING SERVICES
 The Commission is of the opinion that an accountant cannot objectively audit books and records which he has maintained for a client. The performance of these services, whether accomplished manually or by means of computers and other mechanized instruments, ultimately places the accountant in the position of evaluating and attesting to his own record keeping. . .
 a. Systems design is a proper function for the qualified public accountant. Computer programming is an aspect of systems design and does not constitute a bookkeeping service.
 b. Where source data is provided by the client and the accountant's work is limited to processing and production of listings and reports, independence will be adversely affected if the listings and reports become part of the basic accounting records on which, at least in part, the accountant would base his opinion. In this situation the accountant, by preparing basic accounting records, has placed himself in a position where he would be reviewing his own record keeping and could therefore appear to a reasonable third party to lack the objectivity and impartiality with respect to that client which an independent audit requires.
 On the other hand, if the processing results in the production of statistical summaries and analysis which do not become part of the basic accounting records, independence would not be adversely affected because the accountant, in the course of his audit, would not be put in the position, actual or apparent, of evaluating and attesting to the accuracy of his own record keeping.
37 Fed. Reg. 14294, 14296 (1972). This discussion is followed by a series of exemplary factual situations.
Both the institute and the commission use the phrase "maintaining books" in their discussions on independence. Although the ethical standards of the entities differ, the meaning of the word "maintain" appears to be similar and further appears to be synonymous with bookkeeping and/or record keeping.
Because no details of any particular computerized service are specified in your request, nor in the letters attached to your request for this opinion, I express no view on the legality of any particular service.
SUMMARY
To briefly summarize my opinion, the phrase "but in no event shall any of the above individuals or firms audit the records, books, or accounts which they have maintained," means that an audit does not satisfy the requirements of C.R.S. 1973,29-1-603(2) if it has been performed by an accountant or accounting firm that has also provided bookkeeping services to the local government.
Very truly yours,
 J.D. MacFARLANE Attorney General
ACCOUNTANTS AND ACCOUNTANCY AUDIT MUNICIPAL GOVERNMENT AUDITORS MUNICIPAL CORPORATIONS
C.R.S. 1973, 29-1-603(2)
LEGISLATIVE BRANCH Auditor, Office of State
A local government audit does not satisfy the requirements of C.R.S. 1973, 29-1-603(2) if it has been performed by an accountant or accounting firm that has also provided bookkeeping services to the local government.